UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JAE LEE,                                             Civil Docket No.

                Plaintiff,                  COMPLAINT


         -against-                              JURY TRIAL DEMANDED
                                                                                        BY PLAINTIFF

DELTA AIRLINES, INC., JONE DOE AND JANE DOE,
                           Defendants.
-------------------------------------------------------------------X

    Plaintiff JAE LEE, by and through his attorneys, JSL LAW OFFICE, PC, complaining of the Defendants, respectfully allege as follows:

**I. PRELIMINARY STATEMENT**

    1.    This lawsuit is brought to redress the racial discrimination and wrongful profiling of a peaceful Asian- American passenger by Delta Airlines. On August 28, 2019, Plaintiff having purchased a first class ticket three months before, checked-in, and was assigned seat #1C, and was sitting on Delta Flight , DL 3747 from Charlotte to NYC LaGuardia.  On the flight,  Plaintiff was discriminated against, harassed, humiliated and threatened to be removed from the flight in front of the all other passengers by a very large female gate agent referred to as  "JANE DOE" and its director referred as "JOHN DOE"  both Delta Airlines employees.

    2.    Plaintiff brings this action for compensatory damages, punitive damages and for unlawful discrimination on the basis of perceived race, color, ethnicity, alienage and/or national origin.  The Defendants' actions were intentional and in violation of 42 U.S.C. § 1981; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and the New York Law Against Discrimination, Civil Rights Law 1909, Article 4 et seq. and New York Executive Law §296. In

addition to seeking compensatory and punitive damages, Plaintiff seeks declaratory and injunctive relief requiring the Defendants to desist from and remedy such discriminatory action.

## II. JURISDICTION

3. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five thousand ($75,000) Dollars and 28 U.S.C. §§ 1331, 1334, and 1367. Plaintiffs' action for declaratory, injunctive, and or monetary relief is authorized by 28 U.S.C. §§ 1343(a) (VI), 2201 & 2202 and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) as Plaintiff reside in Nassau County.

## IV. JURY DEMAND

6. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

7. Plaintiff is a well-respected Korean-American in her community. On August 28, 2019, Plaintiff traveled to the airport to board Delta Airlines flight 3747. Plaintiff is a resident of the County of Nassau, State of New York.

8. Defendant DELTA AIRLINES, INC. is an air carrier engaged in the business of transporting passengers and is a foreign corporation authorized to do business in New York with a principal place of business at 1030 DELTA BLVD, DEPT 982 ATLANTA, GEORGIA, 30354.

## VI. FACTUAL ALLEGATIONS

9. On May 27, 2019, Plaintiff purchased a first class air ticket for a flight scheduled on August 28, 2019 to travel to New York City from Charlotte, NC in order to return home.

10. On August 28, 2019, Plaintiff received assigned seat # 1C at the check-in counter and boarded DL 37477 and was sitting in seat #1C of the first row as assigned.

11. The flight was scheduled to depart at 6:00 p.m. However, it was delayed and departed at 6:59 p.m.

12. While Plaintiff was sitting in seat 1C, a flight attendant approached Plaintiff and sked her to move to an economy seat, so that a young white woman, who was standing in front of Plaintiff, could sit in seat #1C.

13. Plaintiff showed the flight attendant ticket seat # 1C and told the flight attendant that it was plaintiff's seat.

14. A few minutes later, very large gate agent who was tall and fat, who barely could pass through the cabin entrance door, approached and loudly yelled at the Plaintiff in front of all the passengers were sitting on the aircraft.

"You must move to an economy seat so that the white girl can sit in your seat. Or, you must get off and wait for the next flight."

15. Plaintiff told this gate agent that "Plaintiff purchased her first class ticket three (3) months ago and received seat # 1C at the check-in counter 30 minutes before. It's my seat."

16. The gate agent falsely shouted that all the first class seats were overbooked and Plaintiff must leave this cabin immediately. The agent added that she would call the security police in order to forcibly remove the Plaintiff from the aircraft.

17. Plaintiff asked the gate agent to show her the white passenger's ticket to see if the passenger had a first class ticket.

18. The gate agent even more loudly scolded the Plaintiff, "Get out of the cabin now!"

19. Plaintiff was terrified by the gate agent as well as her remembering another similar incident in 2017 that involved an Asian doctor who was dragged out from the cabin and received severe injuries.

20. Plaintiff asked to see the captain. The gate agent said, "it's my responsibility and I have the power to remove you."

21. Several minutes later, a man claiming to be a director, no real name was given, approached Plaintiff and asked Plaintiff to get out of the cabin and yelled, again in front of all the passengers.

22. Plaintiff requested the director to show her the white passenger's ticket to see if she had a first class ticket. Then the director talked to the white passenger outside of the cabin.

23. A few minutes later, the director came back to the Plaintiff and apologized stating that the white passenger did not have a first class ticket.

24. Immediately after that, the flight took off.

25. One flight attendant came to Plaintiff and apologized for humiliation Plaintiff suffered from the confrontation that had occurred in front of all passengers and the gate agent never apologized to Plaintiff.

26. Later, the two flight attendants came together and apologized again and told the Plaintiff that it was illegal and unfair to the plaintiff because Plaintiff had purchased the first class ticket and the white passenger had not purchased a first class ticket.

27. The gate agent knowingly and maliciously tried to remove Plaintiff while the other passengers were watching the scene unfold. Plaintiff was humiliated and embarrassed by the actions of the gate agents.

28. The gate agent or the director never offered a refund of the difference between the first class fair and the economy class fare.

29. Defendants are liable for the unlawful acts of their agents and employees directly and/or under the doctrine of respondent superior.

30. Defendants engaged in intentional discrimination based on Plaintiffs' perceived race, color, ethnicity, and/or alienage by humiliating and harassing the Plaintiff during flight DL 3747 on August 28, 2019.

31. The actions described herein represent Defendants' personnel's denial of Plaintiff's rights to make, enforce, and enjoy the benefits of contracts for air travel as are enjoyed by white citizens. The Defendants' actions were the result of discrimination due to Plaintiff being a member of the Asian race.

32. Defendants' actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for Plaintiffs' civil rights, and have directly and proximately caused Plaintiffs financial injury and humiliation, mental pain, and suffering.

33. As a direct and proximate result of the aforesaid acts of Defendants Plaintiff incurred great emotional and psychological harm from the discrimination and mistreatment that she experienced, and incurred costs and inconvenience.

## AS A FIRST CAUSE OF ACTION
*Discrimination by Recipient of Federal Funding Title VI of the Civil Rights Act of 1964 (42 U.S.C. §2000d)*

34. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

35. Defendants are the recipients of federal financial assistance, and are thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, inter alia, race, religion, color, or national origin. Defendants' failure to permit Plaintiff to remain at the airline terminal on the basis of Plaintiff's perceived race, religion, color, and/or national origin constituted discrimination against Plaintiffs in violation of Title VI and its implementing regulations.

36. Defendants' actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for Plaintiff's civil rights, and have directly and proximately caused Plaintiff financial injury and humiliation, mental pain, and suffering.

37. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish,

anxiety, fear, humiliation, loss of freedom, and damage to their reputations and standing within their communities.

38.   As a result of Defendants' impermissible conduct, Plaintiff demand judgment against Defendants in a sum of money to be determined at trial.

## AS A SECOND CAUSE OF ACTION
*Violation of Federal Aviation Law*

39.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40.   49 USCS § 40127(a) states: "An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

41.   The actions described herein represent discrimination against Plaintiff on the basis of her race by DELTA AIRLINES, INC., and DELTA AIRLINES, INC. personnel acting in an official capacity, within the scope of their employment, and following procedures and policies set forth by Defendants.

43.   Defendants' refusal to sit Plaintiff's first class seat was arbitrary and capricious, and was not based on a rational appraisal of the facts known to them.

44.   As a direct and proximate result of the aforesaid violations of aviation law by DELTA AIRLINES, INC., and DELTA AIRLINES, INC. personnel, Plaintiff incurred great emotional and psychological harm from the discrimination and mistreatment that she experienced, and incurred costs for the delays and inconvenience.

## AS A THIRD CAUSE OF ACTION
*Violation of New York Executive Law Section 296 Prohibiting Racial Discrimination on the Ground and in the Air*

45. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. By virtue of the foregoing, the Defendants DELTA AIRLINES, INC. and the personal violated New York Executive Law Section 296, which among other things, makes it unlawful to discriminate on the basis of race on the ground or in the air by effecting disparate treatment in performance of a contract with a member of a protected class, like the Plaintiffs.

47. NY Executive Law 296 addresses disparate performance of a contract while traveling in the air. This act of racial discrimination is separate and distinct from the discriminatory act of singling out Plaintiff and refusing to allow him to sit Plaintiff's first class seat.

48. As a direct and proximate result of the aforesaid violations of aviation law by DELTA AIRLINES, INC. and the personal, Plaintiffs incurred great emotional and psychological harm from the discrimination and mistreatment that she experienced, and incurred costs due to the delays and inconvenience.

## AS A FOURTH CAUSE OF ACTION
*New York Civil Rights Law 1909 New York Civil Right 1909, Article 4: Unlawful Deprivation of Access to and/or Discrimination in Furnishing of a Public Accommodation and/or Public Facility*

49. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50. DELTA AIRLINES, INC. and the personal violated a "place of public accommodation" within the terms of the New York Civil Right 1909, Article 4. .

59.     Defendants DELTA AIRLINES, INC.'s actions, as set forth above, violated the civil rights of Plaintiff as guaranteed to them by the Constitution of the State of New York and, in particular, Article I, Sections 1, 11, and the Human Rights Law of the State of New York, Section 290 et seq., Executive Law.

60.     Defendants are liable for the unlawful acts of their agents and employees directly and/or under the doctrine of respondeat superior.

61.     Defendants' actions were intentional, malicious, willful, wanton, callous and showed reckless disregard for Plaintiffs' civil rights, and have directly and proximately caused Plaintiffs financial injury and humiliation, mental pain, and suffering.

**WHEREFORE, RELIEF REQUESTED**, and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

A. Demand judgment against Defendants in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and in punitive damages;

B. Invoke pendent party and pendent claim jurisdiction;

C. Award Plaintiff attorney's fees and costs;

D. Award Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful practices.

Dated: April 3, 2020

                                                       JSL LAW OFFICES P.C.

                                                       _____
                                                           JAE S. LEE
                                                       626 RXR PLAZA
                                         UNIONDALE, NY 11556

TO: DELTA AIRLINES, INC.

**Registered Agent**

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543