UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAE LEE,  Civil Docket No.: 2 20-cv-01705

                Plaintiff,

      -against-

DELTA AIRLINES, INC., JONE DOE and
JANE DOE,

                Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

Pro Se Plaintiffs respectfully submit the following Objections, with related exhibits, to Hon. Magistrate Judge LEE G. DUNST's Report and Recommendation dated March 14, 2023 (hereinafter referred to as "Report"). The Report recommended that (1) Plaintiff's first amended complaint be denied because the Motion fails to satisfy Rule 15 to the extent it seeks to add new parties, factual allegations, and causes of action because it would impose prejudice and cause undue delay. (2) dismissed withdrawal claims in the proposed first complaint with prejudice while the Plaintiff's first amendment complaint denied.

For the reasons set forth below, Plaintiffs object to the Report to the extent that it recommended: (i)denial of Plaintiff's first amended complaint based on the undue delay and prejudice to the Defendant was in error; (2) dismissal with prejudice of the withdrawal claims in the proposed amended complaint .

## STANDARD OF REVIEW FOR RULE 15

Respectfully, the court should grant leave to amend the Plaintiff's first amended complaint. Under Rule 15(a)(2), when evaluating a motion to amend a complaint, the court

"should freely give leave when justice so requires." This lenient standard should apply, as established in *Sacerdote v. New York University*, 9 F.4th 95 115 (2d Cir. 2021). It is well settled in the Second Circuit that a plaintiff's amended complaint should be allowed, even after time has passed, as demonstrated in *Cablevision Sys. Corp. v. Wisznia Architecture & Development, LLC*, 715 F.3d 175 (2d Cir. 2013) and Marrero Pichardo v. Ashcroft, 374 F.3d 46 55-56 (2d Cir. 2004).

The court in *Cablevision Systems Corp.* held that after discovery, a defendant's motion for leave to join two additional defendants as parties to the action should be granted. The district court's denial of the motion was an abuse of discretion, as the two additional defendants had relevant information that could not be obtained from the plaintiff or the original defendant, and no prejudice existed. Similarly, in *Marrero Pichardo*, the plaintiff's motion for leave to file an amended complaint that included new causes of action and joinder of additional defendants should have been granted, as the new claims were not futile. In *Aboah v. Fairfield Healthcare Services, Inc.*, 2022 Slip Copy 2022 WL 443253 *3, the court held that "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." The litigant may be prejudiced within the meaning of the rule if the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." However, the burden of demonstrating prejudice rests with the non-movant, as established in *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014). In conclusion, under the lenient standard of Rule 15(a)(2), the court should grant leave to amend the Plaintiff's first amended complaint, as established in relevant Second Circuit precedent. The non-movant must demonstrate prejudice to

the court, and mere delay without bad faith or undue prejudice is insufficient to deny the right to amend.

## BACKGROUND

On April 6, 2020, the Plaintiff commenced a legal action against Delta Airlines, Inc. ("Delta"), John Doe, and Jane Doe alleging racial discrimination under federal and New York law. The Plaintiff's deposition was conducted on November 30, 2021 as per the court order. Defendant Jane Doe, later identified as MARRIOTT LORET ("LORET"), gave her deposition on March 16, 2022, and Defendant John Doe, later known as AYMAN EID ("EID"), was deposed on March 3, 2022. The witness, Sheri Critchfield ("Critchfield"), who was present and worked in the aft and front of the cabin, including the first-class on August 28, 2019, served her written discovery by sworn and notarized affidavit before a public notary on July 29, 2022, as permitted by the court due to the COVID-19 pandemic disaster. Critchfield was unable to testify over video conference due to her head injury from a fall, which prevented her from opening her eyes, sitting, or talking for the video confernce. In her affidavit, Critchfield stated that she witnessed LORET scolding and physically grabbing the Plaintiff's neck, arms, and shoulders in front of all passengers. She further stated that the Plaintiff was harassed, threatened, and embarrassed by LORET, who was being racist. It was revealed during discovery that LORET had received violation notices from Delta in the past, which supported new allegations in the amended complaint. The Plaintiff stated that the parties did not need to extend the discovery, including depositions, as all parties, including new joinders LORET and EID, had already completed their depositions. The court ordered the Plaintiff to file an amended complaint by October 7, 2022, and the Plaintiff filed it on the same date. Therefore, there would be no undue delay or prejudice to Defendants. Plaintiff seeks to amend the complaint to add additional causes

of action for breach of contract, battery, assault, and infliction of emotional distress pursuant to this Court's Supplemental Jurisdiction, the existence of which is already alleged in the complaint. The facts relating to the above additional causes of action are already set forth in the complaint and/or were adduced in discovery in this matter and thus, the proposed amendments will only separately set forth causes of action already implicit in the complaint and/or will conform to the evidence in this matter. For example, with respect to the proposed breach of contract cause of action, the complaint alleges that Defendants acted in a manner so as to deprive Plaintiff of a first class seat, for which she had paid, and insisted that she relinquish said seat to another passenger who had not purchased a first class ticket. The complaint alleges with respect to the proposed assault and battery causes of action, that a Delta employee shouted at Plaintiff to leave her seat and threatened to have her forcibly removed from the aircraft. In addition, witness testimony (via Affidavit) in this matter averred that Plaintiff was threatened with forcible removal from the aircraft and that an attempt was made to grab Plaintiff in order to eject her from her seat. Finally, with respect to the proposed cause of action for emotional distress, the complaint already alleges that Plaintiff incurred emotional and psychological harm from the Defendants' actions and she testified that she had difficulties with eating and sleeping.

## **OBJECTIONS**

### POINT 1
### THE PLAINTIFF'S MOTION SHOULD BE GRANTED SINCE DEFENDANTS ARE NOT PREJUDICED

The Plaintiff objects to the Report to the extent that it found the Defendants to be prejudiced and responsible for undue delays. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend a complaint unless there is undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or if the

proposed amendment would be futile as a matter of law (*US ex rel Raffington v. Bon Secours Health Sys.*, 285 F. Supp3d 759, 765 [SDNY 2018]). None of the reasons for denial of amendment are present in this case. The amendments only seek to set forth separate causes of action for matters already alleged in the complaint, and they conform to evidence obtained in discovery in this matter. No additional discovery is necessary for the additional causes of action, and thus there can be no prejudice to Defendants if the Court permits the amendment. Even if there is a delay in amending the complaint, the Court need not deny the amendment if there is no showing of bad faith or undue prejudice (*Raffington*, Id. at 766). Furthermore, the expenditure of additional time, effort, or money on the part of the non-moving party, does not by itself amount to undue prejudice (Raffington, Id. at 766).

Moreover, the joinders of LORET and EID were originally included in the complaint as John Doe and Jane Doe, and their identities were subsequently discovered during the discovery process. In *Marrero Pichardo v. Ashcroft*, 374 F.3d 46 55-56 (2d Cir. 2004), the plaintiff sought leave to amend the complaint to add new causes of action and additional defendants. The Second Circuit reversed and remanded, holding that the district court had erred in denying the motion and noting that the new causes of action and joinder of additional defendants were not futile. Similarly, in *Ricciuti v. New York City Transit Auth*., 941 F.2d 119 120 (2d Cir. 1991), the plaintiff moved for leave to amend the complaint to include additional claims after the district court granted the defendant's motion to dismiss some of the plaintiff's claims. On appeal, the Second Circuit reversed and remanded, finding that the district court had erred in finding undue delay, as the plaintiff promptly sought leave to amend after the defendant's motion to dismiss, and the proposed amendments were not futile. In this case, as in *Ricciuti*, the Plaintiff filed this motion to amend the complaint after the Defendant filed a motion for summary judgment.

Recent trends in the Second Circuit have been favorable towards allowing parties to amend pleadings unless there is a showing of bad faith or undue prejudice by the non-moving party. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 177-178 (2d Cir. 1998). In Aboah v. Fairfield Healthcare Services, Inc., the court reaffirmed that "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." 2022 WL 443253 *3 (quoting *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017)).

Under the rule, a party may be prejudiced if the new claim would (i) require significant additional resources to conduct discovery and prepare for trial, (ii) significantly delay the resolution of the dispute, or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. However, in this case, none of these factors apply to the proposed amendment.

This case has experienced delays due to the COVID-19 pandemic, which caused disruptions and challenges in conducting discovery and obtaining witness affidavits. In July 2022, Plaintiff obtained the direct witness affidavit of CRITCHFIELD, but this was delayed due to the pandemic and her head injuries. Additionally, the pandemic caused Plaintiff to suffer serious illness on top of her near-fatal injuries from a car accident. Despite these challenges, Plaintiff made efforts to settle the case. However, once Defendants responded with no serious offer, Plaintiff diligently filed a proposed amended complaint.

Based on the information provided, it appears that the defendants have not demonstrated any prejudice or undue delay that would justify denying the plaintiff's motion to amend the complaint. The burden of demonstrating such prejudice rests with the non-moving party, and the defendants have failed to prove that the proposed amendment would require significant additional resources for discovery or significantly delay the resolution of the case. *Pasternack v.*

*Shrader*, 863 F.3d 162 ( 2d cir 2017) ( denial of leave to amend, based solely on delay and litigation expenses was abuse of discretion. The plaintiff has also stated that no additional discovery is necessary for the new causes of action, as they merely clarify and correct errors and inaccuracies. Moreover, the proposed amendment substitutes previously unidentified John Doe and Jane Doe defendants with the now-identified LORET and EID, and the factual allegations and causes of action remain largely unchanged from the original complaint. The depositions of the defendants LORET and EID have already been completed, and there is no significant difference between the factual allegations in the proposed amendment and those in the original complaint. Denying the motion to amend would waste limited judicial resources and impose an undue burden on the plaintiff to commence another litigation against the newly identified defendants. Therefore, it seems reasonable to grant the plaintiff's motion to amend the complaint.

**POINT II**
**THE PLAINTIFF'S WITHDRAWAL CLAIMS IN THE PROPOSED AMENDED COMPLAINT SHOULD NOT BE DISMISSED AS THE PLAINTIFF'S MOTION TO AMEND WAS DENIED**

Based on the arguments presented, it appears that the court made an error in citing *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 140 (E.D.N.Y. 2017) and *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) to dismiss Plaintiff's withdrawal claims in the proposed amended complaint with prejudice. The *Kilpakis* case actually granted leave to file the proposed amended complaint and granted the withdrawal claims, while the *Kwan* case did not involve a motion to amend the complaint or withdraw claims. Therefore, there appears to be no proper legal authority or reasoning to dismiss the withdrawal claims with prejudice if the amended complaint is not permitted.

**CONCLUSION**

In conclusion, the Report has made errors in recommending the denial of Plaintiff's first amended complaint. Defendants failed to demonstrate prejudice or undue delay, and the report erroneously cited cases to dismiss withdrawal claims with prejudice in the amended complaint. Therefore, based on the foregoing, Plaintiff respectfully objects to the Report and requests that the amended complaint be granted in its entirety.

Respectfully submitted,

Dated: Uniondale, New York
   March 28, 2023

        JSLLAW OFFICE P.C.

        _____
         JAE S. LEE
         626 RXR PLAZA
         UNIONDALE, NY 11556