UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAE LEE,

                       Plaintiff,

        v.                                       **MEMORANDUM & ORDER**
                                                          20-CV-01705 (WFK) (LGD)
DELTA AIR LINES, INC., JOHN DOE,[1]
and JANE DOE,

                       Defendants.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 6, 2020, Jae Lee ("Plaintiff"), a practicing New York attorney proceeding *pro se*, filed a complaint against Delta Air Lines, Inc. ("Delta"), John Doe,[1] and Jane Doe (collectively, "Defendants"), alleging Delta employees racially discriminated against her on a Delta flight in violation of federal and New York law. ECF No. 1. On August 29, 2022, following discovery and with Delta's summary judgment motion pending, Plaintiff filed a motion to amend her Complaint. ECF No. 58.[2] The Court referred Plaintiff's motion to amend the Complaint to Magistrate Judge Lee G. Dunst for a Report and Recommendation ("R&R"), which Judge Dunst issued on March 14, 2023. ECF No. 72. Plaintiff timely filed objections to the R&R on March 28, 2023. ECF No. 73. For the following reasons, the Court OVERRULES Plaintiff's objections, and ADOPTS the R&R. Furthermore, after considering the parties' fully briefed summary judgment arguments, the Court GRANTS Defendant Delta's motion for summary judgment, ECF No. 55, as to Plaintiff's purportedly asserted claim under 42 U.S.C. § 1981 against all Defendants. With no remaining causes of action, Plaintiff's Complaint is DISMISSED as moot. The Clerk of Court is respectfully directed to close the case.

## REPORT & RECOMMENDATION

### I. BACKGROUND

The R&R provides a comprehensive description of the facts of this case and therefore the Court will not recite them at length. *See* R&R at 2–4. The relevant procedural developments are as follows.

---

[1] Plaintiff misspelled John Doe as "JONE" Doe in the caption of the Complaint. *See* Complaint, ECF No. 1. Plaintiff correctly refers to "John Doe" in the body of the Complaint, *id.*, which the Court uses as well.
[2] After the Court's referral, Magistrate Judge Lee G. Dunst set a new briefing schedule and ruled Plaintiff's initial motion seeking leave to amend the Complaint, ECF No. 58, as moot. Pursuant to the briefing schedule, Plaintiff filed on October 7, 2022 a new motion seeking the same relief to amend the Complaint, ECF No. 70, to which the R&R, and this Order, make reference.

1

On September 8, 2020, previously-assigned Magistrate Judge Steven Tiscione set a discovery schedule in this action.[3] ECF No. 12. December 4, 2020 was the "[d]eadline for motions to join new parties or amend pleadings." *Id.* By the deadline, Plaintiff made no motions to join new parties or amend the pleadings. Judge Tiscione granted several extensions of discovery, ECF Nos. 21, 31, 37, ultimately setting a final discovery deadline of March 31, 2022. ECF No. 40.

After the completion of discovery, Delta requested leave to file summary judgment. ECF No. 50. The Court granted Delta's request and set a briefing schedule for the parties to file summary judgment submissions by August 26, 2022. ECF No. 51. Delta timely filed its submissions for summary judgment. ECF Nos. 55–57. Plaintiff filed a motion to amend her Complaint on August 29, 2022—three days after the summary judgment submission deadline and over twenty months after the December 4, 2020 deadline to join new parties or amend pleadings. ECF No. 58.[4] In her motion, Plaintiff sought to substitute two named individuals for the two Doe defendants, add factual allegations and three causes of action under unspecified state law, and withdraw four causes of action. *See* ECF Nos. 58, 58-1, 70. The Court referred Plaintiff's motion to amend the Complaint to Judge Dunst for a Report and Recommendation. ECF No. 62.

On March 14, 2023, following briefing by the parties on Plaintiff's motion, Judge Dunst issued the R&R, recommending the Court grant in part and deny in part Plaintiff's motion. R&R at 1. Specifically, Judge Dunst recommends denying Plaintiff's request to amend the Complaint by adding new defendants and factual allegations and granting Plaintiff's motion to withdraw the Complaint's four causes of action. *Id.* at 24. Judge Dunst further recommends dismissing those

---

[3] On June 14, 2022, the case was reassigned to Judge Dunst. *See* June 14, 2022 Notice of Reassignment.
[4] Plaintiff also filed a motion for leave to file a sur-reply in connection with Delta's motion for summary judgment, ECF No. 59, which the Court granted, ECF No. 62.

2

four causes of actions with prejudice. *Id.* On March 28, 2023, Plaintiff timely filed objections and asked this Court to reject the R&R and grant her request to file an amended Complaint. ECF No. 73.

## II. DISCUSSION

### A. Standard of Review

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

As Judge Dunst noted, a *pro se* litigant typically receives "special solicitude" because he or she "generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he [or she] is not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *see also* R&R at 10. Nonetheless, the Court agrees with Judge Dunst that Plaintiff does not receive special solicitude because she "is

3

an attorney practicing law in New York State and has been authorized to do so for nearly two decades." R&R at 10.

**B. Analysis**

1. Denial of Plaintiff's Amended Complaint

Plaintiff objects to Judge Dunst's recommendation that the Court deny Plaintiff leave to file an amended complaint. ECF No. 73 at 4. The Court agrees with Judge Dunst that Plaintiff's request fails under both the more stringent Federal Rule of Civil Procedure 16 standard and the more lenient Federal Rule of Civil Procedure 15 standard. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought.").

a. Rule 16

As an initial matter, the Court agrees with Judge Dunst's analysis of *Sacerdote* that Rule 16 applies where, as here, "motions to amend pleadings or join additional parties [are] filed after a stated deadline for such 'motions.'" R&R at 8. Under Rule 16, the "period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115. "It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the 'good cause.'" *Id.* Judge Dunst correctly found that Plaintiff failed to establish good cause for delay in filing an amended complaint, as required by Rule 16. Plaintiff was aware of the proposed additions to her Complaint "*nearly two months* before the December 4, 2020 amendment deadline *and over twenty-two months* before Plaintiff first moved to amend." R&R at 12. Plaintiff's new factual allegations and state law claims were based on conduct she allegedly experienced firsthand and could have asserted in her initial Complaint. *Id.* at 13.

In her objections, Plaintiff fails to mention Rule 16 or explain why it should not apply in light of Judge Dunst's analysis of *Sacerdote*. Plaintiff provides only conclusory statements that *Sacerdote* "establishe[s]" that "this lenient standard [under Rule 15] should apply." ECF No. 73 at 2. Plaintiff attempts to bolster her argument by citing additional purported Second Circuit caselaw, specifically *Cablevision Sys. Corp. v. Wisznia Architecture & Dev., LLC*, 715 F.3d 175 (2d Cir. 2013) and *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55–56 (2d Cir. 2004). *Id.* This Court could not find a Second Circuit case under the name of "*Cablevision Sys. Corp. v. Wisznia Architecture & Development, LLC.*"[5] Instead, the reporter number and year are similar to a Sixth Circuit case—*Flagg v. City of Detroit*, 715 F.3d. 165 (6th Cir. 2013). However, *Flagg* makes no mention of Rule 15, Rule 16, or amending pleadings. Furthermore, *Flagg* contains none of the facts Plaintiff alleges. *Compare Flagg*, 715 F.3d 165 *with* ECF No. 73 at 2. *Marrero Pichardo* is an existent Second Circuit case; however, it deals with a habeas petition in the immigration context and, as Delta correctly noted, "does not discuss ... any of the issues raised in Plaintiff's Objections." ECF No. 74 at 1. Indeed, *Marrero Pichardo* makes no mention of either Rule 15 or Rule 16. 374 F.3d 46 (2d Cir. 2004). Plaintiff also cites two district court cases that address Rule 15: *Aboah v. Fairfield Healthcare Servs., Inc.*, 20-CV-00763, 2022 WL 443253, at *3 (D. Conn. Feb. 14, 2022) (Nagala, J.) and *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014) (Netburn, M.J.). ECF No. 73 at 2. Plaintiff cites these cases for their recitations of the Rule 15 standard without explaining why that standard, rather than the standard contained in Rule 16, should apply. *Id.* The Court is unpersuaded by Plaintiff's conclusory statements that Rule 15 prevails over Rule 16 in this case. Additionally, the Court maintains serious concern that at least one of Plaintiff's cited cases is non-existent and may have been a hallucinated product of generative artificial intelligence, particularly given

---

[5] Delta also was unable to find this case. *See* ECF Nos. 74, 76.

Plaintiff's recent history of similar conduct before the Second Circuit. *See Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024) ("We separately address the conduct of Park's counsel, Attorney Jae S. Lee. Lee's reply brief in this case includes a citation to a non-existent case, which she admits she generated using the artificial intelligence tool ChatGPT.").

b. Rule 15

Plaintiff objects to Judge Dunst's holding that Plaintiff's motion to file an amended complaint "fails to satisfy Rule 15 . . . because it would impose prejudice and cause undue delay." R&R at 19; *see* ECF No. 73 at 4–7. Even if Rule 15 applied, Plaintiff's objections to Judge Dunst's analysis are without merit.

Plaintiff begins her objections to Judge Dunst's Rule 15 analysis by repeating, nearly verbatim, her reasoning from her motion to amend the Complaint. *Compare* ECF No. 70 at 2 (discussing *United States ex rel. Raffington v. Bon Secours Health Sys. Inc.*, 285 F. Supp. 3d 759, 765 (S.D.N.Y. 2018) (Gorenstein, M.J.)) *with* ECF No. 73 at 5 (same). In light of the fact that Plaintiff "simply reiterates [her] original arguments," the Court finds Judge Dunst committed no clear error in dismissing Plaintiff's Rule 15 arguments in the R&R. *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (internal citation omitted).

Plaintiff also returns to *Marrero Pichardo* as a purportedly similar case in which the Second Circuit held that the "district had erred in denying the motion [to amend the complaint] and noting that the new causes of action and joinder of additional defendants were not futile." ECF No. 73 at 5. Not so. *Marrero Pichardo* is inapposite because it discusses the filing of amended habeas petitions as opposed to amended complaints pursuant to Rules 15 and 16. 374 F.3d 46 (2d Cir. 2004). Moreover, in that case the district court *granted* the plaintiff's request to amend his habeas petition because his counsel "had misconstrued the underlying facts" before later denying the plaintiff's motion for reconsideration of the dismissal of his habeas petition. *Id.*

6

at 50. Without mention of Rule 15, the Second Circuit in *Marrero Pichardo* reversed the district court's denial of reconsideration where the plaintiff sought to submit only one new claim based on recent caselaw, not multiple "new causes of action" or "additional defendants."

Plaintiff points to another Second Circuit case—*Ricciuti v. New York City Transit Authority*—in attempting to highlight a reversal of a district court's denial of the plaintiff's motion to amend the complaint after the defendant filed for summary judgment because, according to Plaintiff, the "district court had erred in finding undue delay." ECF No. 73 at 5; *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119 (2d Cir. 1991). Plaintiff again mischaracterizes this case. The district court in *Ricciuti* did not make an undue delay finding and instead dismissed the complaint "for failure to state a claim." 941 F.2d at 120.

Plaintiff objects to Judge Dunst's finding of undue delay by noting she and a deponent separately suffered injuries and pandemic-related illnesses. ECF No. 73 at 6. But Plaintiff provided no explanation for how these facts, if true, caused Plaintiff to wait over twenty months from the December 4, 2020 deadline to seek leave to file an amended complaint. These injuries and illnesses do not change the fact that Plaintiff could have asserted her proposed new allegations and state law claims "when she commenced this litigation over two years before seeking to amend." R&R at 16. Judge Dunst also noted that Delta disclosed the identities of the two employees Plaintiff seeks to add as new defendants "*nearly two months* before the December 4, 2020 amendment deadline *and over twenty-two months* before Plaintiff first moved to amend." *Id.* at 12. Plaintiff did not inform the Court at or soon after the amendment deadline that she intended to add named defendants, factual allegations, or causes of action but was facing delays due to injury or illness. Plaintiff's objections do not dissuade the Court that Judge Dunst was correct in concluding that "these circumstances reflect undue delay." *Id.* at 16.

Plaintiff also argues Defendants do not face undue prejudice because, according to Plaintiff, "no additional discovery is necessary for the new causes of action, as they merely

7

clarify and correct errors and inaccuracies." ECF No. 73 at 7. However, as Judge Dunst wrote, "Plaintiff ignores that discovery 'is not a one-way street designed to allow plaintiffs to collect evidence in support of their claims. It is also a mechanism for defendants to accumulate evidence to defend themselves and to test the evidence of their opponents.'" R&R at 18 (quoting *Fioranelli v. CBS Broad., Inc.*, 15-CV-952, 2019 WL 1059993, at *5 (S.D.N.Y. Mar. 6, 2019) (Broderick, J.). Although Plaintiff may be finished with discovery, she does not speak for Defendants. Facing new factual allegations, new claims, and newly named defendants, Defendants would likely reopen discovery and commence new motion practice, as noted by Judge Dunst. R&R at 16–18. Accordingly, Plaintiff's objections do not raise any new issues that disturb Judge Dunst's finding that "allowing Plaintiff to file the [proposed amended complaint] would clearly prejudice Delta" given that discovery is closed and Delta already moved for summary judgment. *Id.* at 17.

2. Dismissal With Prejudice of Plaintiff's Withdrawal Claims

Plaintiff objects to Judge Dunst's recommendation that the Court "dismiss Plaintiff's withdrawal claims in the proposed amended complaint with prejudice." ECF No. 73 at 7. The Court agrees with Judge Dunst that dismissal with prejudice of the four causes of action Plaintiff seeks to withdraw "is proper and in the interest of judicial economy." R&R at 19.

Plaintiff argues Judge Dunst erred in citing two cases to support dismissing the withdrawn claims. ECF No. 73 at 7. The first case Plaintiff takes issue with is *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 140 (E.D.N.Y. 2017) (Spatt, J.). ECF No. 73 at 7. Plaintiff states the district court in that case "actually granted leave to file the proposed amended complaint and granted the withdrawal claims." *Id.* Judge Dunst does not deny this, nor is it incongruous with his conclusions. *See* R&R at 19–20 (describing *Kilpakis* as "granting motion to amend *to the extent* plaintiff sought to withdraw her New York Fair Credit Reporting

8

Act claim") (emphasis added). Judge Dunst cites *Kilpakis* to highlight an example of a district court granting a motion to amend a complaint *for the purpose* of withdrawing claims.

Next, Plaintiff states Judge Dunst's citation to *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) was erroneous because "the *Kwan* case did not involve a motion to amend the complaint or withdraw claims." ECF No. 73 at 7. Plaintiff misconstrues *Kwan* and Judge Dunst's reasoning. The defendants in *Kwan* sought leave from the district court to "dismiss their counterclaims voluntarily." *Kwan*, 634 F.3d at 228. Because Plaintiff failed to specify whether she seeks to dismiss her claims with or without prejudice, Judge Dunst properly cited *Kwan* to outline the "[t]wo lines of authority" and their respective elements for determining when dismissal of claims with or without prejudice is proper. R&R at 20 (citing *Kwan*, 634 F.3d at 230). While *Kilpakis* and *Kwan* do not contain all the same facts as the instant case, these cases are not analyzed in isolation. Taken together with the other citations in section III(C) of the R&R, these cases undermine Plaintiff's allegation that "there appears to be no proper legal authority or reasoning to dismiss the withdrawal claims with prejudice if the amended complaint is not permitted." ECF No. 73 at 7; *see* R&R at 20–24.

Accordingly, the Court agrees with Judge Dunst that dismissal with prejudice of the four causes of action Plaintiff seeks to withdraw is warranted. R&R at 20–24 (finding four of the five *Zagano* factors weighed in favor of dismissal with prejudice); *see Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

## **CLAIM UNDER 42 U.S.C. § 1981**

### I. SUMMARY JUDGMENT

In adopting the R&R, the Court dismisses all causes of actions explicitly listed in Plaintiff's Complaint. However, Plaintiff asserts that, because the preliminary statement in her Complaint referenced a violation of 42 U.S.C. § 1981, ECF No. 1 at 1, this too should be

9

considered as a cause of action. ECF No. 60 at 10–19. Delta maintains that Plaintiff has not properly pled a claim under § 1981, but nonetheless addresses the claim on the merits in its summary judgment papers. While the Court is skeptical that this claim has been properly pled,[6] it decides the issue on the merits as fully briefed by the parties. *See* Memorandum of Law in Support of Delta's Motion for Summary Judgment at 15–21, ECF No. 55-9; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 10–19, ECF No. 60; Reply Memorandum of Law in Further Support of Delta's Motion for Summary Judgment at 7–21, ECF No. 56-7; Plaintiff's Sur-Reply Memorandum of Law in Further Opposition to Motion for Summary Judgment, ECF No. 66.[7] After careful consideration of the issues, the Court holds that, even if Plaintiff listed § 1981 as a fifth cause of action with factual allegations properly attributed, Plaintiff's § 1981 claim does not survive summary judgment.

## A. Background

The Court has considered the parties' Local Rule 56.1 Statements, declarations, deposition testimony, and all other evidence pertaining to Delta's motion for summary judgment.

---

[6] Judge Dunst treats Plaintiff as having asserted a § 1981 claim because, according to Judge Dunst, "the parties' summary judgment briefing treats the Complaint as having asserted a Section 1981 cause of action." R&R at 6 n.9. The Court disagrees with Judge Dunst's assessment and his description of the parties' briefing. Delta does not treat this claim as properly pled, instead arguing that "Plaintiff only referenced [42 U.S.C. § 1981] in the Preliminary Statement of her Complaint with no further citation." Reply Memorandum of Law at 7–8, ECF No. 56-7. Further, the general pleading rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A single mention of the statute in the preliminary statement with no other mention in the body of the complaint or as one of the enumerated causes of action is likely insufficient to satisfy Rule 8. *See Concey v. New York State Unified Ct. Sys.*, 08 Civ. 8858, 2011 WL 4549386, at *21 n.1 (S.D.N.Y. Sept. 30, 2011) (Gardephe, J.) ("Plaintiff also cites Title VI, 42 U.S.C. § 2000(d) in the preliminary statement of his Amended Complaint, but he does not plead a Title VI violation in the body of the Amended Complaint, nor does he state a Title VI cause of action. Accordingly, there is no Title VI claim in this case."). Nonetheless, "[a] plaintiff may also assert a discrimination claim against an individual under § 1981 or the [New York State Human Rights Law, or "NYSHRL"] based on roughly this same standard." *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 222 (N.D.N.Y. 2014) (Hurd, J.). Plaintiff's third cause of action is pursuant to the NYSHRL, and the associated factual allegations are sufficiently similar for the purposes of a § 1981 claim. ECF No. 1 at 8. Moreover, the parties have fully briefed the issue, so the Court addresses the arguments on the merits.

[7] On September 7, 2022, the Court granted Plaintiff's request to file a sur-reply in opposition to Delta's motion for summary judgment by Friday, September 16, 2022 at 5:00 P.M. ECF No. 64. Plaintiff filed two sur-replies on September 16, 2022 at 5:18 P.M., ECF No. 66, and 6:22 P.M., ECF No. 67. The Court denied Delta's request to strike Plaintiff's sur-replies, ECF Entry on September 20, 2022; however, the Court need not consider Plaintiff's second sur-reply, ECF No. 67, which the Court did not grant.

Where facts in a party's Rule 56.1 Statement are supported by citations to evidence and denied by conclusory statements without citations to conflicting evidence, the Court finds such facts to be admitted. *See* E.D.N.Y. Local Civ. Rules 56.1(c)–(d). The Court finds the following facts to be undisputed and construes such facts in the light most favorable to Plaintiff, the non-moving party.

On August 28, 2019, Plaintiff traveled on a first-class ticket with Delta from Charlotte, North Carolina to New York City, New York. Rule 56.1 Statement of Material Facts in Support of Delta's Motion for Summary Judgment ¶¶ 1–2, ECF No. 55-8. At the airport in Charlotte, Plaintiff's flight was delayed. *Id.* ¶ 3. Plaintiff received from Delta an earlier flight with a first-class seat. *Id.* ¶ 6. During the boarding process, a Delta Gate Agent learned there was a seat duplication issue with Plaintiff's seat. *Id.* ¶¶ 34–35. The Delta Gate Agent informed Plaintiff that her seat had been reassigned and she would no longer be seated in first class; however, Plaintiff refused to vacate her seat. *Id.* ¶¶ 40–42. The Delta Gate Agent then spoke with her supervisor about the seat duplication issue regarding Plaintiff and another passenger. *Id.* ¶¶ 42, 49–51. The supervisor spoke to Plaintiff as well as the other passenger, who agreed to travel in their previously assigned seat. *Id.* ¶¶ 55–57. Plaintiff remained in her first-class seat and continued on the flight to her destination in New York City. *Id.* ¶¶ 64–65.

On April 6, 2020, Plaintiff filed the instant action, alleging Defendants engaged in "racial discrimination and wrongful profiling of a peaceful Asian-American passenger" when a Delta Gate Agent allegedly told Plaintiff to vacate her seat for a white passenger. ECF No. 1 at 1. On July 8, 2022, Delta served a motion for summary judgment, arguing it is entitled to judgment as a matter of law as there are no genuine disputes regarding any material facts. ECF Nos. 52, 55.

For the reasons stated below, the Court grants Delta's summary judgment motion as to the purported § 1981 claim against all Defendants.[8]

## B. Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' . . . A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). The movant has the burden of showing the absence of a disputed issue of material fact, after which the burden shifts to the nonmoving party to present specific evidence showing a genuine dispute. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

## C. Discussion

A claim of racial discrimination under 42 U.S.C. § 1981 requires showing: "(1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). "Those enumerated activities include the rights 'to

---

[8] The purported § 1981 claim is dismissed as to all Defendants. Plaintiff does not differentiate her claim between the three Defendants. Moreover, Plaintiff's claim would suffer the same infirmities as to Defendants John and Jane Doe.

12

make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property.'" *Id.* (quoting 42 U.S.C. § 1981(a)). Claims under § 1981 are analyzed using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which the Second Circuit has interpreted to mean that "once a plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's action against the employee. If the employer does so, then the burden shifts back to the employee to show that the employer's articulated reason is pretext for discrimination." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 177 (2d Cir. 2023) (quoting *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 86–87 (2d Cir. 2022)). "Although the *McDonnell Douglas* burden shifting framework was originally introduced for the purpose of analyzing employment discrimination claims under Title VII, it has been similarly employed by plaintiffs alleging intentional discrimination under Section 1981." *Bary v. Delta Airlines, Inc.*, CV–02–5202, 2009 WL 3260499, at *8 (E.D.N.Y. Oct. 9, 2009) (Trager, J.).

In her Complaint, Plaintiff alleges that the Delta Gate Agent "yelled" at Plaintiff to "move to an economy seat so that the white girl can sit in your seat. Or, you must get off and wait for the next flight." ECF No. 1 at 3. Delta agrees there was initially an issue regarding Plaintiff's seat, but asserts a legitimate, non-discriminatory reason. Specifically, Delta claims the seat issue stemmed from the Delta Gate Agent's "erroneous duplicate seating assignment." ECF No. 55-9 at 19. Citing the Delta Gate Agent's deposition testimony and Delta's Passenger Name Record ("PNR"), which catalogs passenger ticketing data, Delta explains that the Delta Gate Agent made the duplicate seat assignment before she physically met Plaintiff or was otherwise aware of Plaintiff's race. *Id.*; Exhibit D, Loret Dep. at 80:5–81:12, ECF No. 55-6; Exhibit 3, PNR at 6, ECF No. 56-6. *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 257 (1981) ("[T]o satisfy this intermediate burden [of the *McDonnell Douglas* test], the [defendant] need

13

only produce admissible evidence which would allow the trier of fact rationally to conclude that the ... decision had not been motivated by discriminatory animus.").

Even assuming, *arguendo*, that Plaintiff's allegations sufficiently carry her *prima facie* burden, the Court finds Plaintiff has failed to demonstrate that Delta's proffered non-discriminatory reason for the events was, in fact, pretextual. In her Opposition, Plaintiff stated—without citation—that the Delta Gate Agent provided the duplicate ticket "to the white passenger AFTER Plaintiff went [through] the boarding gate," ECF No. 60 at 17–18, and that "[t]his was done intentionally as one cannot accidentally issue a ticket," *id.* at 18. An unsupported assertion that the Delta Gate Agent provided the duplicate ticket to the white passenger after Plaintiff boarded does not refute Delta's evidence showing that the Delta Gate Agent *entered* the erroneous duplicate assignment into the computer system before being aware of Plaintiff's race. Furthermore, Plaintiff provides no explanation for her conclusory statement that it is not possible to accidentally issue a ticket. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) ("[E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment.").

Instead, Plaintiff submits a new affidavit as part of her Opposition, ECF No. 60-3; however, a substantial portion of the information provided in the new affidavit contradicts Plaintiff's statements in her earlier deposition. *See* ECF No. 56-7 at 9–10 (listing examples of contradictions). For example, in her new affidavit, Plaintiff wrote for the first time that the Delta Gate Agent "sneered, saying ASIAN! first class?" and told Plaintiff "no no no no you shouldn't seat at the first class. You should go to an economy seat." ECF No. 60-3 ¶ 10. However, in her deposition, Plaintiff said the Delta Gate Agent and her supervisor did not make any racially derogatory remarks to her. Plaintiff's Dep. at 39:15–41:5, 52:17–53:3, ECF No. 55-4. Similarly, Plaintiff alleges in her new affidavit that the Delta Gate Agent "grabbed [her] neck, arms and shoulders to forcedly remove [her]" from her seat, ECF No. 60-3 ¶ 16, while she testified during

her deposition she "believe[s]" that the Delta Gate Agent "touched my – my body somewhere," Plaintiff's Dep. at 43:25–44:1, ECF No. 55-4, then that the Delta Gate Agent touched her arm, *id.* at 45:5, and then that she did not "remember exactly what part of my body" the Delta Gate Agent touched, *id.* at 45:17–18. The Court does not credit Plaintiff's new affidavit. *See Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.").

In her Opposition and Sur-Reply, Plaintiff submits only one other affidavit besides her own, specifically a deposition from non-party witness Sheri Critchfield, who was a flight attendant on the same flight. *See* ECF Nos. 60-2, 60-4. However, three months before Plaintiff served her Opposition, Judge Tiscione ordered that "Plaintiff is precluded from offering the purported deposition [of Ms. Critchfield] upon written questions for any purpose in this litigation." ECF No. 49. Judge Tiscione found that Plaintiff's purported deposition failed to comply with the Federal Rules of Civil Procedure both because (1) "there was no deposition officer present to swear the witness, take the witness' verbatim testimony, and certify in writing that the witness was duly sworn and that the deposition accurately records the witness' testimony" *and* (2) because "Plaintiff...depriv[ed] Defendants of the opportunity to provide their own written questions." *Id.* Judge Tiscione added "[t]o the extent that Plaintiff seeks to convert the improper deposition into an affidavit from the witness, such a request is denied because the document does not conform to the requirements for a sworn affidavit." *Id.* Plaintiff attempts to shoehorn in the exact materials Judge Tiscione prohibited. The Court, therefore, disregards the purported affidavit and deposition of Ms. Critchfield.

Plaintiff argues her case is similar to the decision in *James v. American Airlines, Inc.*, in which the court denied a *motion to dismiss* a racial discrimination claim against the airline company under § 1981. 247 F. Supp. 3d 297 (E.D.N.Y. 2017) (Chen, J.). Plaintiff states "as

*James* Court concluded that when Defendants forced the plaintiff to move via threats, harassment, and abuse, Defendant altered the contractual conditions between Plaintiff and Defendants. Thus, the Plaintiff's right to enjoy all benefits was affected, as is the case here." ECF No. 60 at 19. The Court disagrees with Plaintiff's comparison. In *James*, the court found that the airline altered plaintiff's contractual conditions not only by forcing her to move seats, but also by prohibiting her from "cursing – whereas the white woman's cont[r]act with American was not so conditioned." *James*, 247 F. Supp. 3d at 305. In the instant case, Defendants did not place a new condition, such as a no cursing requirement, on Plaintiff as compared to the white passenger. Moreover, Defendants also did not force Plaintiff to move seats. The Court agrees with Delta that "Plaintiff never alleges that she was denied boarding; that she was forced to change her seat; or that she had to fly in any class other than first-class in her originally assigned seat on the flight to New York's LaGuardia Airport." ECF No. 55-9 at 18. Unlike in *James*, Plaintiff's contractual conditions were not altered.

Plaintiff fails to rebut Delta's legitimate, non-discriminatory reason for the ticketing issue—namely, that the seat assignments were erroneously duplicated. Instead, she falls back on conclusory statements, such as her statement that the Delta Gate Agent "intentionally issued a duplicate 1C seat assignment of Plaintiff's seat to the young white passenger. Defendants showed intentional racial discrimination intent here." ECF No. 60 at 7. The Court is unpersuaded by such statements and finds that there is no genuine issue as to any material fact. *See Kulak v. City of New York*, 88 F.3d 63, 71 (1996) (holding that "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment").

For the foregoing reasons, Delta's motion for summary judgment as to the purportedly asserted § 1981 claim, ECF No. 55, is granted. The purported § 1981 claim is dismissed as to all Defendants because Plaintiff does not differentiate her claim between the three Defendants and because the claim would suffer the same infirmities as to Defendants John and Jane Doe.

## CONCLUSION

Upon a careful review of Judge Dunst's R&R, ECF No. 72, and the objections filed thereto, ECF No. 73, and for the foregoing reasons, the Court ADOPTS the R&R. Accordingly, Plaintiff's motion seeking leave to amend the Complaint, ECF No. 70, is GRANTED in part and DENIED in part by denying Plaintiff leave to file an amended complaint and dismissing the Complaint's four causes of action—for violations of Title VI of the Civil Rights Act of 1964, the Federal Aviation Law, the New York Executive Law, and the New York Civil Rights Law—with prejudice. Because the four withdrawn causes of action are dismissed with prejudice and summary judgment of Plaintiff's purportedly asserted claim under 42 U.S.C. § 1981 is granted, there are no remaining claims. Therefore, Plaintiff's Complaint is DISMISSED as moot. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2024
  Brooklyn, New York